UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brent A. Ristow,	Case No. 14-cv-4732 (PAM/BRT)

        Plaintiff,

v.	**MEMORANDUM AND ORDER**

Joe Dick,

        Defendant.
_____

This matter is before the Court on Dick's Motion for Summary Judgment. For the reasons that follow, the Court grants the Motion for Summary Judgment.

**BACKGROUND**

On March 13, 2014, St. Paul Police Officer Joe Dick gave a traffic citation to Plaintiff Brent Ristow for failing to keep right on Thomas Avenue. (Dick Aff. (Docket No. 22) ¶¶ 4, 11.) Ristow denies that he failed to keep right on the street, and contends that Officer Dick only gave him a ticket because he disputed the officer's version of events.[1] (Compl. (Docket No. 1) ¶¶ 23, 40.) The officer said that he looked in his side mirror and saw Ristow's vehicle crossing over the centerline of the street. (Dick Aff. ¶ 5.) Moreover, the officer avers that he saw Ristow look down as he was passing the officer's car, as if he was looking at a phone. (Id. at ¶ 4.) On the dash cam video, Officer Dick asks Ristow, "What were you looking down at?" (Sisk Aff. (Docket No. 21) Ex. A at 4 (Tr. of squad video).) Ristow responds, "I was looking at my monitor there." (Id.)

---

[1] The traffic citation was ultimately dismissed by the City prosecutor. (Ex. F, Compl.)

Ristow brought this lawsuit in November 2014, contending that the traffic stop constituted an unreasonable seizure in violation of the Fourth Amendment, and that the officer issued the ticket as punishment for Ristow's speech, in violation of the First Amendment.[2]

**DISCUSSION**

Summary judgment should be granted if the moving party shows that there are no genuine disputes of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if its resolution affects the outcome of the case. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. Id. When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Marlowe v. Fabian, 676 F.3d 743, 746 (8th Cir. 2012). To defeat summary judgment, however, the nonmoving party may not rest on conclusory allegations or denials, but "must produce probative evidence sufficient to demonstrate a genuine issue of material fact for trial." Paine, 594 F.3d at 992 (quotation and brackets omitted).

**A.** **Unreasonable Seizure**

A traffic stop is considered a seizure under the Fourth Amendment. United States v. Stachowiak, 521 F.3d 852, 855 (8th Cir. 2008). Thus, a police officer must have "at least articulable and reasonable suspicion" of illegal activity to make a traffic stop. Id.

---

[2] Although not mentioned in the Complaint, Ristow's cause of action arises under 42 U.S.C. § 1983.

(citing Delaware v. Prouse, 440 U.S. 648, 663 (1979)).  But "[t]he determinative question is not whether the driver committed a traffic violation, but whether an objectively reasonable police officer could have formed a reasonable suspicion that the driver was violating the traffic laws."  United States v. Parsons, No. 4:05CR355, 2005 WL 2874673, at *4 (E.D. Mo. Nov. 2, 2005).  Even if the officer was mistaken in his belief that the driver committed a traffic violation, "the validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances, and in mistake cases, the question is simply whether the mistake, whether of law or fact, was an objectively reasonable one."  United States v. Martin, 411 F.3d 998, 1001 (8th Cir. 2005) (quotation omitted).

In this case, Officer Dick had an articulable and reasonable suspicion that Ristow had committed a traffic violation, either by failing to keep right or by looking down at something in his vehicle.  Ristow disputes that he failed to keep right, but on the squad video he does not dispute that he looked down.  The Officer's decision to stop Ristow was not an unconstitutional seizure under the Fourth Amendment.

**B.**     **Retaliation**

Although, "[r]etaliation by a government actor in response to [] an exercise of First Amendment rights forms a basis for § 1983 liability," Naucke v. Park Hills, 284 F.3d 923, 927 (8th Cir. 2002), not every citation issued to a person who complains that he did not do what the officer accused him of doing is retaliatory.  To successfully establish his retaliation claim, Ristow must "plead and prove a lack of probable cause for the underlying charge."  Williams v. Carl Junction, 480 F.3d 871, 875 (8th Cir. 2007) (citing

Hartman v. Moore, 547 U.S. 250, 265-66 (2006)). As noted, there was more than sufficient probable cause for the ticket. Moreover, there is no evidence of retaliatory motive. See Baribeau v. Minneapolis, 596 F.3d 465, 481 (8th Cir. 2010) ("Retaliation need not have been the sole motive, but it must have been a 'substantial factor' in the decision [to issue a ticket]."). Officer Dick intended to give Ristow a ticket when he turned his squad car around and pursued Ristow. Ristow's speech had nothing to do with this pursuit. Despite Ristow's conclusory allegation that the officer gave him a ticket because he denied doing what the officer accused him of doing, there is no evidence of any First Amendment retaliation.

**CONCLUSION**

Ristow has not shown through supporting evidence that Officer Dick gave him a ticket for any other reason than failing to keep right. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 17) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 4, 2015

                                         *s/ Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Judge